| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>WHITE PLAINS DIVISION | Presentment Date<br>**August 1, 2022 at 12:00 p.m.**<br><br>Objection Deadline:<br>**August 1, 2022 at 11:30 a.m**. (EST) |
| _____<br>In re:<br>    Jacob Sabel,<br><br>                    Debtor.<br>_____ | Case No. 21-22592 (shl)<br>(Chapter 7) |

**UNITED STATES TRUSTEE'S MOTION FOR AN ORDER (I) DIRECTING THE DEBTOR TO PRODUCE DOCUMENTS AND APPEAR FOR EXAMINATION UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004 AND (II) EXTENDING THE DEADLINE FOR UNITED STATES TRUSTEE AND THE CHAPTER 7 TRUSTEE TO FILE A COMPLAINT TO DENY THE DEBTOR'S DISCHARGE**

**TO:    THE HONORABLE SEAN H. LANE**
          **UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby moves this Court for an order, a form of which is attached as **Exhibit A** to the Notice of Motion filed with this Motion, pursuant to Federal Rule of Bankruptcy Procedure 2004, directing the Debtor to produce documents and to appear for examination and to extend the deadline for the United States Trustee and the chapter 7 trustee to object to the Debtor's discharge to November 30, 2022.

In support of the Motion, the United States Trustee represents and alleges as follows:

## **INTRODUCTION**

The United States Trustee seeks additional time to continue his investigation into Jacob Sable's ("Debtor") financial affairs. The United States Trustee is investigating the Debtor's purported abandonment of Printout Copy Corp., his income, and financial circumstances to determine whether to file a complaint objecting to the Debtor's discharge under 11 U.S.C. § 727 or to seek other recourse against the Debtor.

In furtherance of the investigation, the United States Trustee hereby requests entry of an Order substantially in the form of the proposed order attached as Exhibit 1 to the Notice of Presentment filed with this Motion (the "Proposed Order") directing the Debtor to produce the documents listed on Exhibit A to the Proposed Order either by sending a link to files or folders kept in a cloud storage service to Diana M. Nuss, Paralegal Specialist, at email address Diana.M.Nuss@usdoj.gov, Office of the United States Trustee, Leo O'Brien Federal Building, 11A Clinton Avenue, Room 620, Albany, New York 12207-2335, or by sending the files via email to Diana.M.Nuss@usdoj.gov, on or before August 31, 2022, and to appear on a mutually agreeable date and time, remotely, through a link to a remote deposition service provided by the United States Trustee, for examination under oath by the United States Trustee, relating to the acts, conduct, or property or to the liabilities and financial condition of the Debtor, or to any matter which may affect the administration of the Debtor's estate, or to the Debtor's discharge.

## **BACKGROUND**

**I.**    **Introduction**

On October 20, 2021, the Debtor filed his petition for relief under chapter 7 of the United States Bankruptcy Code, along with his Statement of Financial Affairs ("SOFA") and other required documents. The United States Trustee attempted to conduct a Rule 2004 examination by consent of the parties. The Rule 2004 examination began on July 12, 2022 but had to be adjourned because the Debtor failed to produce relevant documents voluntarily, particularly bank statements from an undisclosed account at TD Bank.

**II.**    **Factual Background**

    A. The Debtor's Schedules

According to Schedule A/B, the Debtor owns a home located at 3 Deborah Road, Monsey, NY. He valued his home at $925,000. (ECF No. 1) The home is secured by two mortgages. Fifth Third Bank holds a $630,584 mortgage, the Debtor marked this mortgage as disputed on Schedule D. The Debtor does not dispute the $329,195[1] mortgage in favor of TCF bank.

Although not reported in Schedule D or E/F, Neumann Finance Company holds a secured claim against the Debtor, Sinai Roth and Printout Copy Corp., as evidenced by a UCC-1 filed on March 11, 2019.

On Schedule A/B, the debtor reported $2,000 in household goods including $500 in an account at Apple Bank and $500 in cash. He reported no vehicles, books, or silver items.

On Schedule E/F, the Debtor reported more than $1 million in general unsecured debts including: American Express, $197,920; US National Associates, $142,000; Dime Savings Bank, $98,500; TD Bank, $123,000 and JP Morgan Chase, $174,492.

According to Schedule I, he is employed by Career Accelerate, earning gross income in the amount of $1,299. The Debtor provided the address of Career Accelerate as 48 Country Hollow, Highland Mills, New York (48 Country Hollow").

The Debtor's non-filing spouse, Hindy Sabel, ("Ms. Sabel") earns monthly gross income in the amount of $2,273. Her employer is not disclosed on Schedule J, but the Debtor testified at his Rule 2004 Exam that she also works for Career Accelerate. Including a $1,299 contribution from their daughter, their monthly combined net income is $4,378.

The Debtor's household includes Ms. Sabel and six of their children. On Schedule J, the Debtor reported $11,408 in monthly expenses, including two mortgage payments: $5,200 and

---

[1] All amounts are rounded to the nearest dollar.

$1,600, for a combined mortgage payment in the amount of $6,800, exceeding the Debtor's household net income by approximately $2,400. According to Schedule J, the Debtor's monthly expenses exceed his net income by more than $7,000. According to his Statement of Intent, the Debtor plans to retain 3 Deborah Court. Given the income disclosed, it is unclear how the Debtor will pay the $6,800 monthly mortgage payments.

According to the Debtor's Statement of Financial Affairs ("SOFA"), the Debtor operated a business, Printout Copy Corp. ("Printout"), as a sole proprietorship from 2009 to 2019. He reported that Printout was located at 829 Bedford Avenue, Brooklyn, New York. [2] He did not disclose any income for 2021, 2020 or 2019.

B. Printout Copy Corp.

The Debtor stated that his debts are not primarily consumer debts. At his § 341 meeting, the Debtor testified that the unsecured debts arise from his ownership and operation of Printout Copy Corp. ("Printout").

At his §341 meeting, the Debtor testified that in December 2019, he walked out of Printout and abandoned the business assets. After his § 341 meeting, the Debtor produced an affidavit signed by Ms. Ekstein dated February 2022 ("Affidavit"). In paragraph one of the Affidavit, Ms. Eckstein states that she is the owner of Career Accelerate, Inc. (See Exhibit B attached.)

Attached to Ms. Ekstein's Affidavit is Printout Copy Corp.'s assignment of intellectual property to Career Accelerate ("Assignment"). The assignment is signed by Eliezer Ekstein, Vice President, Career Accelerate, Ms. Ekstein's husband. Ms. Ekstein also produced a document dated

---

[2] Upon information and belief, Printout was located at 829-831 Bedford Avenue, Brooklyn.

4

November 19, 2019, which purports to be Sinai Roth's resignation letter. As to the equipment and machinery, software, purportedly abandoned by the Debtor, the Assignment is silent. The Debtor did not disclose this purported transfer of Printout in his SOFA.

Thus, Printout still operates at 829-831 Bedford Avenue, Brooklyn Printout maintains a website that provides the following information:



Upon information and belief, Bracha Ekstein's (Ms. Ekstein") lives at 48 Country Hollow. According to the records of the New York Secretary of State, Career Accelerate, Inc. He testified at his § 341 meeting that Ms. Ekstein is his boss. He testified at his Rule 2004 from the Ekstein home at Country Hollow Road.

C. <u>The Debtor's Purchase of 3 Deborah Road</u>

On December 13, 2021, Trustee Magaliff sent an email to the Debtor's attorney requesting information about the Debtor's real estate transactions, the source of the $190,000 down payment

for the purchase of 3 Deborah Road, and documents related to the unsecured debts. Upon information and belief, to date, these documents have not been produced.

The Debtor testified in the first part of his Rule 2004 Exam that a family trust disbursed $160,000 for the down payment on 3 Deborah Road. The Debtor's schedules do not disclose that he is the beneficiary of a trust.

According to Schedule D, Fifth Third Bank ("Fifth Third") holds a $630,584 mortgage on 3 Deborah Road. Fifth Third's mortgage statements are sent to his brother-in-law, Sinai Roth at Roth residence in Brooklyn. See Exhibit C.

### D. Court Order for Production and Examination is Necessary

The United States Trustee attempted to examine the Debtor consensually. The United States Trustee requested the Debtor produce documents including bank statements prior to the examination. The Debtor produced bank statements for Apple Bank account number 0116 ("Apple Bank 0116").

The United States Trustee commenced the Debtor's examination on July 12, 2022. The Debtor's testimony included that he had an undisclosed joint bank account with his wife, Hindy Sabel at TD Bank, a 2019 Honda Odyssey owned by his father but used by the Debtor, a $160,000 payment from a family trust and a business, Insideout Technologies Corp., owned by his wife, Hindy Sabel.

### B. Document Request:

The United States Trustee seeks the documents related to the Debtor's financial affairs, particularly the undisclosed TD Bank account, documents related to the 2019 Honda Odyssey, his non-filing spouse's business, the family trust, and other matters related to his income, the

family trust, employment, assets, financial transactions, transfers to Career Accelerate, transfers to Bracha Ekstein to determine whether there is cause for an action pursuant to § 727.

## ARGUMENT

### A. Rule 2004 Examination and Production of Documents

Bankruptcy Rule 2004(a) provides that upon the motion of a party in interest, the court may order the examination of an entity regarding the acts, conduct, property, liabilities or financial condition of the debtor or any matter that may affect the administration of the estate of the debtor. Courts that have analyzed Bankruptcy Rule 2004 have recognized the right of a party in interest to conduct a 2004 examination, and the permitted scope of that examination is extremely broad. See, e.g., In re Texaco Inc., 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987) (citing In re Johns-Manville Corp., 42 B.R. 362 (S.D.N.Y. 1984).

Each debtor is required to provide information so that the Office of the United States Trustee can determine whether it is appropriate to seek dismissal under § 707(b) or denial of the discharge under § 727.

Here, the Debtor incurred more than $1 million in business debt for Printout Copy and then abandoned the business. The Debtor lives in a $1 million house, but his mortgage statements are sent to his brother-in-law, Sinai Roth. It also appears that the Debtor omitted a secured creditor from his schedules.

In addition, the Debtor failed to disclose an account at TD Bank or provide the TD Bank statements when he provided the Apple Bank 0116 statements.

### B. Extension of Time to Seek Dismissal and Object to Discharge is Warranted

Pursuant to Bankruptcy Rule 4004(a), a complaint objecting to a debtor's discharge under 11 U.S.C. § 727(a) must be filed no later than 60 days following the first date set for the meeting of creditors. Fed. R. Bankr. P. 4004(a). Bankruptcy Rule 4004(b) authorizes the court, after notice and a hearing, to extend the deadline to file a complaint objecting to discharge, for cause, provided the motion for extension of time is made before the original deadline has expired. Fed. R. Bankr. P. 4004(b). See In re Moss, 258 B.R. 391, 397 n. 9 (Bankr. W.D. Mo. 2001) (extension of time to object to discharge or to file a motion to dismiss is appropriate when the United States Trustee is looking into irregularities in Debtors' schedules and pleadings).

Cause exists to extend the deadlines to file a motion pursuant to 11 U.S.C. § 707(b) and a complaint objecting to discharge under 11 U.S.C. § 727. This extension is necessary due to the Debtors' failure to provide financial documents, including bank statements, despite requests starting with the §341 meeting.

The United States Trustee requests an extension of time through the date of the hearing on this motion, and until **November 30, 2022**, so that the Debtor may appear for a Rule 2004 examination and produce documents (pursuant to the request for Court approval sought herein) that will enable the Office of the United States Trustee to evaluate whether basis exists to act under §727 of the Bankruptcy Code.

WHEREFORE, the United States Trustee requests entry of an order substantially in the form attached to the Notice of Motion filed with this Motion as Exhibit A: (I) pursuant to Bankruptcy Rule 2004, directing the Debtor to produce the documents set forth in Exhibit 1 to the Proposed Order on or before **August 31, 2022** and to appear on a mutually agreeable date and time, remotely, through a link to a remote deposition service provided by the United States Trustee, for examination under oath by the United States Trustee and the chapter 7 trustee, relating to the acts, conduct, or property or to the liabilities and financial condition of the Debtor, or to any matter which may affect the administration of the Debtor's estate, or to the Debtor's discharge and (II) pursuant to Bankruptcy Rules 1017 and 4004, extending the time to **November 30, 2022** for the United States Trustee and the Chapter 7 trustee to file a complaint under 11 U.S.C. § 727 or take such further action as deemed appropriate.

Dated: Albany, New York
July 18, 2022

Respectfully submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2

By: */s/ Amy J. Ginsberg*
Amy J. Ginsberg, Trial Attorney
Leo O'Brien Federal Building
11A Clinton Avenue, Room 620
Albany, New York 12207-2335
Telephone: 202.380.8149 (Direct)
Facsimile: 518.434.4459
Email: amy.j.ginsberg@usdoj.gov